**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| National Union Fire Insurance Company of Pittsburgh, Pennsylvania, a Pennsylvania Corporation,, <br><br> Plaintiff, <br><br> vs. <br><br> Aero Jet Services, LLC; 757BD, LLC,, <br><br> Defendants. | No. CV-11-01212-PHX-DGC <br><br> **ORDER** |

Plaintiff, National Union Fire Insurance Company of Pittsburg, Pennsylvania ("National Union"), filed a complaint under the Federal Declaratory Judgment Act ("FDJA") seeking declaratory judgment that it had no obligation to defend or indemnify its insured, Aero Jet Services ("Aero Jet"), in an underlying state court lawsuit brought against Aero Jet by 757BD, LLC, ("757BD"). Doc. 1. Defendant 757BD filed a motion to dismiss, and Defendant Aero Jet joined the motion, arguing that the Court should abstain from exercising its jurisdiction over the FDJA claim because Plaintiff could bring its request for declaratory judgment in state court. Docs. 14, 16. The motion has been fully briefed. Docs. 21, 24. For the reasons stated below, the Court will grant the motion to dismiss.[1]

---

[1] The parties' requests for oral argument are denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

## I. Background.

On May 30, 2008, 757BD filed a complaint in Maricopa County Superior Court against Aero Jet and other defendants in relation to the sale and maintenance of a 1989 Astra Jet aircraft ("the Aircraft"). Doc. 14.1. The complaint alleges that Aero Jet brokered the sale on January 11, 2005, in which 757BD purchased the Aircraft from Brett Jet. Aero Jet also entered into a management services agreement with 757BD to provide maintenance and service on the Aircraft, as it had previously done for Brett Jet. In November, 2005, 757BD discovered corrosion on the spar and wing planks of the Aircraft. 757BD sent the Aircraft to Gulfstream Aerospace Corporation for repairs and incurred $416,707.38 in costs. Investigation revealed that Aero Jet had hired Duncan Aviation, Inc. ("Duncan") to strip and repaint the entire aircraft while it was owned by Brett Jet. 757BD alleges that Duncan failed properly to prime and paint the aircraft, resulting in the corrosion, and that Aero Jet failed to disclose records of Duncan's work. 757BD's complaint charges Duncan with negligence and Brett Jet and Aero Jet with multiple breach of contract and fraud claims.

National Union provided insurance policies to Aero Jet from January, 2005, through April 30, 2007. On October 15, 2008, National Union denied any coverage to Aero Jet in relation to the above-noted claims. National Union stated that coverage was unavailable because (1) the claims against Aero Jet were for economic loss from its allegedly fraudulent sale, not for "property damage," (2) Aero Jet had acted intentionally, so there was no covered "occurrence," and (3) any "property damage" or "occurrence" that happened prior to the sale of the Aircraft was not within the coverage period. Doc. 14 at 2, Ex. 2 at 4-5.

Aero Jet disputed National Union's denial of coverage in a letter dated February 10, 2011, and National Union filed its complaint on June 10, 2011, requesting that the Court declare pursuant to the FDJA that National Union has no duty to defend or indemnify Aero Jet in its pending state court action. Defendants argue in their motion to

dismiss that abstention is appropriate because the state court could make a determination on the insurance-related issues in the underlying case and the federal court must decline jurisdiction in order to (1) avoid needless determination of state law insurance issues, (2) discourage forum shopping, (3) avoid reactive declaratory judgment actions and duplicative litigation, and (4) comply with other pertinent jurisdictional factors.[2] *Id.*

## II. Legal Standard.

The FDJA states that "[i]n a case of actual controversy within its jurisdiction [with noted exceptions] . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). In *Wilton v. Seven Falls Co.*, a diversity case, the United States Supreme Court concluded that the FDJA "created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." 515 U.S. 277, 288 (1995). The Court added that "a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close." *Id.* When determining whether to dismiss an FDJA action, the Ninth Circuit has stated the primary factors to consider based upon the Supreme Court's opinion in *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491 (1942):[3] "The district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a

---

[2] Defendants also argued that Plaintiff had not met Ninth Circuit pleading requirements for diversity jurisdiction because it had not identified the citizenship of all owners and members of each LLC. Doc. 14 at 2-3. The parties have since stipulated that this is a technicality, and that if the Court denies the motion to dismiss on discretionary grounds, Plaintiff may file an amended complaint to cure the pleading defect. Doc. 19 at 2.

[3] These considerations are commonly referred to as the *Brillhart* factors. *See Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc); *Huth v. Hartford Ins. Co. of the Midwest,* 298 F.3d 800, 803 (9th Cir. 2002).

means of forum shopping; and it should avoid duplicative litigation." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc).[4]

### III. Discussion.

Plaintiff maintains that Defendants' arguments for dismissal of its FDJA action rely on overruled authority or misstatements of controlling Ninth Circuit law. *See* Doc. 21 at 7, 13, 14, 15. In particular, Plaintiff frequently notes whether cases cited by either party are pre- or post-*Dizol*. *Id.* This distinction has little relevance to the questions currently before the Court. Although *Dizol* overruled several prior FDJA cases, including many of those relied on by Defendants, it did so only to the extent that those cases erroneously held or suggested that the district court must *sua sponte* state its reasons for taking jurisdiction of an FDJA action when its jurisdiction was not challenged by the parties. 133 F.3d at 1227. That is not the case presented here.

Plaintiff also argues that *Dizol* overruled any presumption that the federal court should abstain from hearing declaratory judgment actions regarding insurance coverage. Doc. 21 at 14. As Plaintiff notes, *Dizol* states that "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." Doc. 21 at 10 (quoting *Dizol*, 133 F.3d at 1225). Contrary to Plaintiff's suggestion, however, *Dizol* did not announce a new rule. In *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 803 (9th Cir. 2002), the Ninth Circuit explained that this

---

[4]The court noted that the *Brillhart* factors are not exhaustive. "We have suggested other considerations, such as 'whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.'" *Dizol*, 133 F.3d at 1225 n. 5 (citing *American States Ins. Co. v. Kearns,* 15 F.3d 142, 145 (9th Cir. 1994) (J. Garth, concurring)). *See also Huth v. Hartford Ins. Co. of the Midwest,* 298 F.3d 800, 802-04 (9th Cir. 2002) (noting that the *Brillhart* factors are "not necessarily exhaustive"); *Chamberlain v. Allstate Ins. Co.,* 931 F.2d 1361, 1367 (9th Cir. 1991) (suggesting that a district court in a FDJA action "must balance concerns of judicial administration, comity, and fairness to the litigants").

language was best read as affirming "the well-accepted rule that the decision whether to exercise jurisdiction over a declaratory action lies in the sound discretion of the district court." Significantly, even while *Dizol* stated that there was no presumption that declaratory judgment actions regarding insurance be heard in state court, *Dizol* did affirm the well-established presumption of abstention when such cases stem from an underlying state court action: "If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court" *Id.* at 1225 (citing *Chamberlain v. Allstate Ins. Co.,* 931 F.2d 1361, 1366–67 (9th Cir.1991)).

Plaintiff would have the Court limit its application of this presumption to the precise terms stated in *Dizol*, namely that the proceedings are parallel if they involve the "same issues" and the "same parties." Doc. 21 at 11. By contrast, Defendants cite to the Ninth Circuit opinion in *American National Fire Insurance Company v Hungerford*, 53 F3d 1012 (9th Cir. 1995), *overruled on other grounds by Dizol, supra*, as holding that actions are sufficiently parallel if they depend on resolution of the same factual issues. Doc. 14 at 5-6. In *Hungerford*, the Ninth Circuit took guidance from the Sixth Circuit in *Allstate Insurance Company v. Mercier*, 913 F.2d 273 (6th Cir. 1990), holding that when the legal determinations in each case depend upon the same facts, the actions are sufficiently parallel to favor state court adjudication even when the insurer requesting declaratory judgment is not a party to the underlying tort claims. 53 F3d at 1117. Defendants note that the Ninth Circuit relied on *Hungerford*'s reasoning in *Golden Eagle Insurance Company v. Travelers Company*, 103 F.3d 750, 754-55 (9th Cir. 1996), *overruled on other grounds by Dizol, supra*, ("it is enough that the state proceedings arise from the same factual circumstances"), and that many post-*Dizol* district court cases have dismissed FDJA insurance actions on the basis of the "*Hungerford* rule." Doc. 24 at 6 (citing cases). Although *Dizol* expressed the presumption favoring state court adjudication in terms of whether the actions involved "the same issues and parties," *Dizol*

did not overrule *Hungerford*'s analysis or the cases that relied on *Hungerford*'s reasoning.[5] Whether or not the *Hungerford* rule equates to the precise presumption stated in *Dizol* is of little consequence to the present analysis. Under Ninth Circuit case law, the potential for an insurer to request declaratory judgment in a related state court proceeding predicated on the same factual issues is doubtless relevant to the Court's analysis of whether to dismiss Plaintiff's FDJA complaint.

### A. The Court should avoid needless determination of state law issues

The parties do not dispute that the issue of whether National Union must defend or indemnify Aero Jet in the underlying state court proceeding raises issues of state law. Defendants argue that Congress expressly left the regulation of insurance to the states, and there is no reason for the Court to resolve a state law insurance issue in this case. Doc. 14 at 4 (citing 15 U.S.C. §§ 1011-12). Plaintiff responds that if the Court declines to exercise its discretionary jurisdiction, it would deprive Plaintiff of its choice of forum. Doc 21 at 10. Plaintiff notes that federal courts regularly adjudicate insurance declaratory actions, and Plaintiff goes on to cite a number of cases in this district in which courts have done so. *Id.* at 10-11 (citing cases). Notably, however, the cases to which Plaintiff cites do not involve related actions in state court. The question before the Court in this case is not whether it *could* adjudicate the state law insurance coverage issue, but whether such adjudication would be "needless" because that issue could be adjudicated in the pending state court proceeding. Plaintiff argues that its request for declaratory judgment does not "parallel" the state court action, as stated in *Dizol*, because National Union is not a party to the underlying tort and contract claims and the only legal

---

[5] Plaintiff cites to one district court case, *Nautilus Ins. Co. v. K. Smith Builders, Ltd.*, No. CV-09-00509, 2010 WL 346457, at *4, n. 2 (D. Haw. Jan. 29, 2010), as noting that to the extent that *Dizol* conflicts with cases providing "a more flexible approach to whether two actions are 'parallel,'" *Dizol* controls. Doc. 21 at 13, n. 1. *Nautilus* does not claim, however, that *Dizol* overruled the *Hungerford*/*Golden Eagle* rule favoring state court jurisdiction when two cases are predicated on the same facts. It bases its reasons for maintaining federal court jurisdiction on other *Brillhart* factors, "even if the earlier line of Ninth Circuit cases is still good law." 2010 WL 346457, at *4, n. 2.

- 6 -

issue in its request for declaratory judgment is the issue of insurance coverage. Doc. 21 at 13-14. As discussed above, however, the presumption of abstention for parallel cases involving the "same issues and parties" affirmed in *Dizol* does not negate the equally valid considerations expressed in *Hungerford* and other Ninth Circuit cases that favor state court adjudication when the factual issues in the underlying state court proceeding are the same. As stated in *Polido v. State Farm Mutual Auto Insurance Company*, 110 F.3d 1418, 1422 (9th Cir. 1997), *overruled on other grounds by Dizol*, *supra*, "differences in factual and legal issues between the state and federal court proceedings are not dispositive because the insurer 'could have presented the issues that it brought to federal court in a separate action to the same court that will decide the underlying tort action.'" (citing *Employers Reinsurance Corp. v Karussos,* 65 F3d 794, 800 (9th Cir. 1995), *overruled on other grounds by Dizol, supra*, (quoting *Hungerford,* 53 F.3d 1012, 1016-17 (9th Cir.1995) (internal quotations omitted))). *Polido* went on to conclude that "the dispositive question is not whether the pending state proceeding is 'parallel,' but rather, whether there was a procedural vehicle available to the insurance company in state court to resolve the issues raised in the action filed in federal court." *Id.* at 1423.

Defendants note, and Plaintiff does not dispute, that Plaintiff could have filed its action in state court under the Arizona Declaratory Judgment statute, A.R.S. §12-1831. Furthermore, as Defendants also note (Doc. 14 at 7), the timing and nature of the alleged damage to the Aircraft and whether such damage constitutes an "occurance" or an intentional act are factual determinations essential to National Union's arguments for why it is entitled to declaratory judgment. The record related to those factual determinations is currently before the state court. For these reasons, the jurisdictional factor stating that the Court should avoid needless determinations of state law issues weighs in favor of abstention in this case.

### B. The Court should discourage litigants from filing declaratory actions as a means of forum shopping.

Defendants argue that Plaintiff's declaratory action constitutes forum shopping because, at the time Plaintiff filed its complaint, a procedural vehicle was available to obtain the same relief in the state court action. Doc. 14 at 5. This analysis largely conflates forum shopping with the factor relating to needless adjudication of state law issues already discussed above. Defendants cite to some FDJA cases that have, in fact, found forum shopping based on the availability of state court adjudication, even when the issue of insurance coverage had not yet been raised in any forum. *See, e.g.*, *Great American Assur. v. McCormick*, 2005 WL 3095972, No. C 05-02175 CRB at *2 (N.D. Cal. Nov. 15, 2005) (finding forum shopping when an insurance company filed its declaratory action in reaction to an underlying proceeding because the relevant factual considerations were already before the state court); *accord*, *Owners Ins. Co. v. Monte Vista Hotel*, 2010 WL 447343, No. CV 09-8095-PCT-MHM at *3 (D. Ariz. Feb. 4, 2010). Plaintiff argues, however, that forum shopping "usually is understood to favor discouraging an insurer from . . . filing a federal court declaratory action to see if it might fare better in federal court *at the same time the insurer is engaged in a state court action*." Doc. 21 at 15 (quoting *Am. Cas. Co. of Reading, Penn. v. Krieger*, 181 F.3d 1113, 1119 (9th Cir. 1999) (emphasis added by Plaintiff)). While Plaintiff's request for declaratory judgment no doubt stems from the fact that its insured has been sued and has sought defense and potential indemnification in the underlying state court action, the Court does not find that Plaintiff's FDJA complaint is "reactive" in the sense that Plaintiff is attempting to undermine or preempt an established or pending state court ruling. Thus, the Court does not find that Plaintiff's choice to file an FDJA action constitutes impermissible forum shopping. That factor does not weigh against the Court exercising jurisdiction in this case.

## C. The Court should avoid duplicative litigation.

Defendants argue that the Court's exercise of jurisdiction over Plaintiff's FDJA complaint would result in duplicative litigation on the basis of *Hungerford*, *Karussos*, and *Golden Eagle*, in which the court determined for purposes of abstention that it was sufficient that the state court proceedings arise from the same factual circumstances. Docs. 14 at 5, 24 at 5. In addition to trying to discredit these holdings on the basis of *Dizol*, Plaintiff responds on the basis of *Krieger* that when the coverage issue is not before the state court, the federal declaratory judgment action is "not duplicative." Doc. 21 at 15 (citing *Krieger*, 118 F.3d at 1119). In *Krieger*, however, the state court had already concluded its case without being called upon to address the coverage issue; thus, the court made this statement after there was no longer any pending state court litigation that the federal declaratory action could duplicate. 118 F.3d at 1119. That is not the case here. Plaintiff also cites to *Allstate Insurance Company v. Gomez* (No. 09-00150 SOM/BMK, 2009 WL 301872, at *3 (D. Haw. Sept. 18, 2009). Doc. 21 at 15. In *Gomez*, the court concluded that it was not proper to dismiss an insurance declaratory action on the basis of duplicative litigation when the court might well resolve the coverage issue without relying on factual issues being litigated in state court. 2009 WL 301872, at *3. *Gomez* also stated, however, that it would reconsider the defendants' motion to dismiss "should it become clear that adjudication of a matter in state court will involve duplicative litigation." *Id.*

Here, it is an open question whether litigating the coverage issue in this Court would involve duplicative litigation of the state court's factual findings. As previously noted, however, Defendants allege that the factual determinations bearing on the question of Aero Jet's liability to 757BD relate specifically to the timing and character of the damage to the Aircraft. Doc 14 at 7. Plaintiff does not dispute that such facts must also be litigated for the sake of determining the insurance coverage issue. This factor weighs in favor of this action being brought in state court where the coverage determination can

be made "on the basis of a well-developed factual record, rather than on the basis of a barren record." *Hungerford*, 53 F.3d at 1017. *See also Great Am. Assurance Co. v. Bartell*, No. CV 07-1341-PHX-EHC, 2008 WL 1927333 *3 (D. Ariz. April 28, 2008) (finding that it would constitute duplicative litigation for the district court to decide the insurance coverage issue where the state court had already developed a full trial record related to underlying tort claims against the insured party).

### D. Other Factors.

The secondary factors raised by the parties do not add significantly to the analysis here. Plaintiff argues that the Court should exercise jurisdiction because the instant action will settle all aspects of the controversy, namely the coverage issue, between it and Defendants. Doc. 21 at 17. Plaintiff acknowledges that the duty to defend is broader than the duty to indemnify and that if the Court should find a duty to defend, it would have to stay the action with respect to indemnification until the liability issues are resolved in state court. Doc. 21 at 20-23. Given this possible scenario, the Court could not settle all aspects of the controversy until after the outcome of the state proceeding. This factor does not weigh in favor of assuming jurisdiction. Plaintiff also argues that this action will serve a useful purpose in clarifying the legal relations at issue. Doc. 21 at 18. As Defendants point out, this Court's jurisdiction will not serve a useful purpose because a declaratory judgment could readily be obtained in state court. Doc 14 at 7. The Court does not believe that this action is being sought merely for the purpose of procedural fencing or to obtain a res judicata advantage, nor will it likely result in entanglement between the federal and state court systems. These factors weigh neither for nor against abstention. Both parties have said that the convenience of the parties is a neutral factor. Docs. 14 at 7, 21 at 23. Finally, the availability and convenience of other remedies weighs in favor of abstention because Plaintiff can obtain the same remedy in state court that it seeks here.

**IV. Conclusion.**

On balance, the Court finds that the *Brillhart* factors weigh in favor of abstention. The motion to dismiss will be granted

**IT IS ORDERED** that Defendants' motion to dismiss (Doc. 14) is **granted**. The clerk shall terminate this action.

Dated this 7th day of October, 2011.

_____
David G. Campbell
United States District Judge