WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| National Union Fire Insurance Company of Pittsburgh, Pennsylvania, a Pennsylvania Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Aero Jet Services, LLC; 757BD, LLC,<br><br>Defendants. | No. CV11-1212-PHX-DGC<br><br>**ORDER** |

Defendant 757BD filed a motion for attorneys' fees related to its motion to dismiss which the Court granted on October 7, 2011. Doc. 27; *see* Doc. 25. The motion has been fully briefed. Docs. 30, 32. For reasons that follow, the court will grant the motion.

**I.   Background.**

On July 26, 2011, Plaintiff, National Union Fire Insurance Company of Pittsburg, Pennsylvania, filed a complaint under the Federal Declaratory Judgment Act ("FDJA") seeking a judgment that it had no obligation to defend or indemnify its insured, Aero Jet Services, in an underlying state court lawsuit brought against Aero Jet by 757BD, LLC. Doc. 1. Defendant 757BD filed a motion to dismiss (Doc. 14), and Defendant Aero Jet joined the motion (Doc. 16), arguing that the Court should abstain from exercising its jurisdiction over the FDJA claim because Plaintiff could bring its request for declaratory judgment in state court. The Court granted Defendants' motion, finding that National Union had an adequate remedy in state court and that the relevant 9th Circuit factors

weighed in favor of abstention. Doc. 25 at 6-11. 757BD now asks the Court to award attorneys' fees, estimated to be approximately $20,000, in connection with this action. Doc. 27. 757BD filed a memorandum and documentation in support of its motion. Doc. 29.

**II.  Analysis.**

757BD argues that it is entitled to an award of attorneys' fees under A.R.S. § 12-341.01(A) as a successful party in a contested contract action. Doc. 29 at 2. National Union raises three arguments in opposition: (1) the action before this Court was never contested, so there is no statutory basis for an award; (2) even if the motion has a statutory basis, the relevant factors do not support awarding fees; and (3) even if a fee award is proper, the claimed fees are unreasonable. Doc. 30 at 5-12.

**A.  Statutory Basis for the Requested Fees.**

Section 12-341.01(A) states, in relevant part, that "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." Ariz. Rev. S. § 12-341.01(A). 757BD argues on the basis of *Lozier v. Auto Owners Ins. Co.,* 951 F.2d. 251, 256 (9th Cir. 1991), that this statute applies to insurance contract disputes in federal court. Doc. 29 at 2. 757BD also argues on the basis of *Fulton Homes Corp. v. BBP Concrete*, 155 P. 3d 1090, 1096 (Ariz. Ct. App. 2007), and *Britt v. Steffen*, 205 P.3d 357, 359 (Ariz. Ct. App. 2008), that adjudication on the merits is not required and a party that obtains dismissal is a successful party under the statute. *Id.* 757BD also cites *Nationwide Mut. Ins. Co. v. Granillo*, 573 P.2d 80, 85-86 (Ariz. 1977), demonstrating that a successful party in an insurance declaratory judgment action need not be party to the insurance contract, and additional cases showing that Arizona law allows for the recovery of fees incurred in a post-judgment action seeking attorneys' fees. *Id.* (citing cases).

National Union responds that § 12-341.01(A) requires a party seeking attorneys' fees to have prevailed in a "contested action" and that National Union's FDJA complaint was not "contested" because the Court exercised its discretion to dismiss the case and

Defendants never filed an answer addressing the merits. Doc. 30 at 5, 9-13. National Union relies on a number of cases, principally *Morrison v. Shanwick Int'l Corp.*, 804 P.2d 768 (Ariz. Ct. App. 1990), for the proposition that an action is contested where "'the defendant has appeared *and generally defends against the claims and demands made by the plaintiff.*'" Doc. 30 at 10 (quoting 804 P.2d at 775) (emphasis added by National Union); 11. National Union notes that *Shanwick* found the action contested where defendants filed an answer to the complaint. *Id.* (citing 804 P.2d at 775-76).

National Union argues that *Lozier* is inapposite because the plaintiff was awarded attorneys' fees when she prevailed on the merits of her third-party insurance claim after a six-day bench trial. *Id.*; *see* 951 F.2d at 253. National Union also distinguishes *Fulton Homes* because the parties awarded attorneys' fees – subcontractors named to indemnify defendant home-builders in a home-owners' class action – participated in several rounds of pleadings before having the suit dismissed. Doc. 30 at 11-12 (*see* 155 P.3d at 1096). National Union similarly discounts *Britt* and *Granillo* because the prevailing parties answered the complaints and thus contested the actions. *Id.* at 12.

The cases cited by the parties do not support a blanket requirement that the prevailing party answer the substantive claims in the complaint for an action to be contested and for that party to be eligible for attorneys' fees under § 12-341.01(A). Neither do the cases where defendants filed answers or prevailed at trial appear to make the nature of the pleadings the determining factor for awarding fees. In *Fulton Homes*, the court stated that "[a]lthough the claims asserted in Fulton's third-party complaint were never litigated," the subcontractors

> were forced to expend money engaging in discovery, attempting to obtain a stipulation from the homeowners regarding the damages sought, filing a joint status conference report, and filing a request for permission to file a motion for summary judgment, among other activities, all in an attempt to extricate themselves from a lawsuit in which the trial court concluded they should never have been forced to participate.

155 P.3d at 1096. The rationale for awarding fees in *Fulton Homes* is not that the defendant filed an answer, but that the prevailing party was compelled to expend

resources in its bid to get the suit dismissed.  Neither does *Fulton Homes* require that the suit be improper or the dismissal process be protracted.  *See id.* at 1094 ("Assuming that the third-party complaint was entirely proper . . . and that Fulton did not delay dismissing the complaint for even one minute longer than necessary, that fact would not protect Fulton from a fee award under A.R.S. § 12-341.01.").

*Granillo* and *Britt* do not persuade the court that § 12–341.01(A) is inapplicable where defendants never answered the complaint but nonetheless litigated the propriety of the Court's jurisdiction.  Those cases never addressed whether an answer to the complaint is required.  In *Granillo*, the Arizona Supreme Court ruled that the state court erred when it determined that a declaratory judgment action was not the type of case for which attorneys' fees could be awarded, and it further rejected the argument that the party requesting attorneys' fees must be a party to the insurance contract.  573 P.2d at 85.  That case, as here, involved an insurance company seeking declaratory judgment regarding its coverage against both its insured and the claimant against the insured.  *Id.* at 82, 85.  The court reached the merits of the claim and ruled that the insurance company owed coverage.  *Id.* at 82.  The Arizona Supreme Court's rationale for finding that the trial court should have awarded attorneys' fees was that "[t]hough [defendants] prevailed, they were forced to incur legal expenses." *Id.*  at 86.  The court quoted the statute as stating "[t]he award of reasonable attorneys' fees should be made to mitigate the burden of the expense of litigation for a just claimant." *Id.*  (quoting A.R.S. § 12–341.01(B)).[1]

*Granillo* suggests that a party that prevails in defending against a declaratory judgment action is entitled to recover attorneys' fees if it took actions in its own defense and incurred expenses in doing so.  *Britt* is not to the contrary.  The issues in *Britt* were (1) whether a party requesting attorneys' fees after the court dismissed a complaint for lack of prosecution qualified as a "successful party" and (2) whether the court could rule on a subsequent request for attorneys' fees even though the court had dismissed the

---

[1] The 1978 Amendments substituted "a just claim or just defense" for "a just claimant."  *See*  Historical and Statutory Notes, Ariz. Rev. S. § 12-341.01 (B).

- 4 -

action and no longer had jurisdiction over the underlying claims. 205 P.3d at 357, 359. The Arizona Court of Appeals held that a defendant who succeeds in having an action dismissed without prejudice "is still considered a 'successful party' for purposes of A.R.S. § 12–341.01(A) even though such a dismissal does not operate as an adjudication on the merits." *Id.* It further held that the court is not precluded from awarding fees "until the underlying merits of the cause are finally determined." *Id.* at 360. The Court finds no reason why the rationale for awarding fees applied in *Granillo* and *Britt* does not apply here, where the requesting party did not answer the complaint but nonetheless incurred expenses to obtain dismissal of the case.

*Mark Lighting Fixture Co., Inc. v. General Elec. Supply Co.*, 745 P.2d 123 (Ariz. Ct. App. 1986) (overruled on other grounds by statute), cited in *Britt*, supports this conclusion. In *Mark Lighting*, the Arizona Court of Appeals noted the key difference between § 12-348, permitting fees for a party "which prevails by an adjudication on the merits," and § 12-341.01, permitting fees for a successful party in an "action" arising out of contract. 745 P.2d at 128 (citing *Wagenseller v. Scottsdale Memorial Hosp.*, 710 P.2d 1025 (Ariz. 1985)). The court stated that "[i]t is apparent . . . that our legislature intended to allow recovery of costs and attorney's fees when a party succeeds in the particular proceeding, which is the 'action,' without regard to whether the substantive allegations presented therein were disposed of at that time." 745 P.2d at 129. The court continued: "It is not relevant . . . whether the dismissal, purported to be without prejudice, operates as a complete dismissal . . . or whether the underlying claim is still viable and will be determined in a subsequently filed action. The only relevant point is that the defendants were successful in the particular action in question." *Id.*

Here, Defendants contested National Union's request that this Court take jurisdiction of its FDJA claim and issue declaratory judgments on its behalf. Defendants were successful parties in this action even though the Court did not reach the substance of National Union's FDJA claims and National Union may yet prevail on its claims by bringing a subsequent action in state court. Accordingly, § 12–341.01(A) provides an

appropriate statutory basis for 757BD's motion for attorneys' fees.

### B. Appropriateness of Awarding Fees.

Section 12–341.01(A) is a discretionary statute. Even if it is applicable, the Court must determine the appropriateness of awarding fees. The Arizona Supreme Court has articulated six factors to consider. *Wagenseller*, 710 P.2d at 1049 (Ariz. 1985).

#### 1. Whether the Claim or Defense was Meritorious.

757BD argues that National Union's attempt to seek declaratory judgment in federal court lacked merit. Doc. 29 at 3. 757BD cites several cases from this district in which courts have dismissed similar FDJA actions. *Id.* (citing cases). National Union responds that the Court never addressed the merits of its claims for relief, so this factor weighs against awarding fees. Doc. 30 at 13. 757BD replies that National Union's claim in the context of the motion to dismiss was that the Court should exercise jurisdiction and that this claim lacked merit. Doc. 32 at 5-6.

The court's jurisdiction is part of any claim for relief. Fed. R. Civ. P. 8(a)(1). National Union had a statutory basis for requesting the Court's jurisdiction, but that basis was discretionary. The FDJA states that federal courts "*may* declare the rights and other legal relations of any interested party seeking such a declaration." 28 U.S.C. § 2201(a) (emphasis added). In light of the fact that Arizona courts have held that attorneys' fees are appropriate in any successful "action," including one for dismissal on jurisdictional grounds, the issue is whether National Union's claim that the Court should exercise its discretionary jurisdiction and grant relief under the FDJA was meritorious. In granting the motion to dismiss, the Court concluded that the long-standing *Brillhart* factors weighed against jurisdiction. Doc. 25 at 3-4, 11. The Court reviewed settled Ninth Circuit case law showing that this was particularly true where, as here, the parties were involved in an underlying state court action involving the same factual issues, and the coverage determination – which was subject to state insurance law – could be made in state court. *See* Doc. 25 at 4-7, 9-10. The Court concludes that National Union's claim of federal jurisdiction of its declaratory judgment action lacked merit. The cases 757BD

cites support this conclusion. This factor weighs in favor of awarding attorneys' fees.

### 2. Whether the Litigation Could Have Been Avoided or Settled.

757BD argues that this litigation could have been avoided because National Union rejected a request by defense counsel to dismiss the declaratory judgment action and re-file in state court. Doc. 29 at 3; *see* Doc. 24-1 (Ex. A). National Union argues that this factor does not apply because the jurisdictional issue was not susceptible to settlement or other resolution on the merits. Doc. 30 at 5. National Union appears to argue that because only the federal court could rule on whether it would take jurisdiction of National Union's FDJA claims, that issue could not have been avoided or settled by taking the action to state court. National Union's reference to the merits of the suit suggests that National Union also had no other vehicle to resolve the coverage issue.

The Court agrees that the jurisdictional issue could not have been resolved or settled but for litigating it in federal court. The need to litigate that issue could have been avoided, however, if National Union had sought declaratory relief in state court as the Court ultimately ruled would be appropriate in this case. It is not true that National Union had no other avenue for addressing the merits of its declaratory judgment claim. *See* Doc. 25 at 5-7, 9, 10. This factor weighs in favor of awarding attorneys' fees.

### 3. Whether Assessing Fees Would Cause Extreme Hardship.

757BD argues on the basis of data made publicly available by the Arizona Department of Insurance that National Union is a large insurance company with extensive assets and that the instant request for attorneys' fees will not pose an extreme hardship. Doc. 29 at 3 (*see http://www.id.state.az.us.*). National Union responds that – in the broad context – awarding fees in this case could result in undue hardship and increased premiums because it could act as a disincentive to seek declaratory judgments and thus lead to future payments of uncovered claims. Doc. 30 at 14. National Union's speculation of future harm does not support a finding of extreme hardship. Even if an award of fees would dissuade National Union from bringing similar cases in federal court, National Union could still pursue these actions in state court. This factor weights

in favor of awarding attorneys' fees.

### 4. Whether the Successful Party Prevailed With Respect to All of the Relief Sought.

757BD argues that the Court granted all the relief Defendants sought when it granted their motion to dismiss. Doc. 29 at 3. National Union responds that Defendants prevailed on no claims for relief. Doc. 30 at 14. As discussed in Part A, the relevant inquiry for purposes of awarding fees is whether the party requesting fees prevailed on the particular action in question. Here, 757BD requests attorneys' fees related to filing its motion to dismiss. Defendants prevailed with respect to all the relief sought in that motion. This factor weighs in favor of awarding attorneys' fees.

### 5. Whether the Legal Question Presented Was Novel and Whether Such Claims or Defenses Have Previously Been Adjudicated in this Jurisdiction.

757BD argues that the jurisdictional question presented in its motion to dismiss was not novel and that courts in this district have consistently dismissed similar FDJA actions. Doc. 29 at 4. National Union responds only that no "legal question" was presented because the Court dismissed its action before any such question could be considered. Doc. 30 at 14. The Court does not agree. As previously discussed, an award of attorneys' fees under § 12–341.01(A) pertains to any contested action under contract upon which the claimant prevailed. Here, Defendants' prevailed on a motion to dismiss. The question of whether the Court should have exercised jurisdiction of National Union's FDJA claims was not novel. As demonstrated in the Court's prior order, this question has been repeatedly adjudicated in this district. This factor weighs in favor of awarding attorneys' fees.

### 6. Whether the Award Would Discourage Other Parties with Tenable Claims or Defenses from Litigating or Defending Legitimate Contract Issues for Fear of Incurring Liability for Substantial Amounts of Attorney's Fees.

757BD argues that this factor supports an award of attorneys' fees because insurers seeking declaratory relief would not be discouraged from seeking relief in state

court. Doc. 29 at 4. National Union responds that denying federal court jurisdiction already deprives a party of its choice of forum "and undermines the federal interest in providing a neutral forum free of an appearance of favoritism against an out-of-state party." Doc. 30 at 14 (quoting *Allstate Ins. Co. v Davis*, 430 F. Supp. 2d 1112, 1121 (D. Haw. 2006)). National Union concludes that awarding attorneys' fees would "add insult to injury." *Id.*

The Court is not persuaded that an award of attorneys' fees in this case will discourage other insurance companies with tenable claims from litigating their contract issues. A fee award may discourage parties from bringing insurance declaratory judgment actions in federal court, particularly where, as here, an underlying state court action is pending based on the same factual issues. Because the state court already provides an appropriate forum for such relief, however, this is unlikely to discourage parties from litigating or defending legitimate contract issues. Moreover, an award of attorneys' fees in this case would not discourage insurance companies from seeking declaratory relief in federal court for coverage issues – such as those the Court distinguished from this case in its prior order – in which no related state court action has been filed (*see* Doc. 25 at 6) or in which the state court has already concluded the underlying insurance claims without addressing the coverage issue (*see id.* at 9). On balance, an award of attorneys' fees in this case would not discourage other parties with tenable claims from litigating and defending their contract issues. This factor weighs in favor of awarding attorneys' fees.

**6.     Summary.**

The six factors considered by the Court all favor an award of fees. The Court accordingly concludes that an award of attorneys' fees is appropriate in this case.

**C.     Reasonableness of the Requested Fees.**

757BD requests a total of $19,937.50 in fees, representing $18,755 expended through October, 2011, and an additional $1,182.50 expended in connection with this motion. Doc. 29 at 4-5. These fees are based on an hourly rate of $275. *Id.* at 4. 757BD

argues that these fees are reasonable. *Id.* at 5. 757BD filed appropriate documentation, including a copy of its fee agreement, a task-based itemized statement of fees, and an affidavit of counsel as required by Local Rule 54.2(d). Doc. 29-1; *See* LRCiv 54.2(d)(1)-(5). In its reply brief, 757BD requests an additional $2,337.50 in connection with 8.5 hours spent analyzing the arguments in National Union's opposition motion, researching issues, and drafting and revising its reply. Doc. 32 at 11.

National Union responds that the requested fees are unreasonable. Specifically, National Union argues that the 53.5 hours counsel spent on the 7 page motion to dismiss and the 11 page reply brief are excessive. Doc. 30 at 15. Even if counsel were "starting from scratch," National Union argues that two full days of billable work, or 16 hours, would have been sufficient for the motion to dismiss, and one additional day, or 8 hours, would have been sufficient to write the reply. *Id.* National Union further argues that counsel in this case did not "start from scratch," but substantially recycled a prior motion to dismiss and reply brief filed in *Great American Assurance Co. v. Bartell*, No. 2:07-CV-1341-PHX-EHC, 2008 WL 1927333 (D. Ariz. 2008). *Id.* National Union asks the Court to reduce by half the amount suggested above and award fees of $3,300, which represents 12 hours at counsel's $275 hourly rate. National Union also argues that denial of fees spent on the motion for attorneys' fees is proper because this motion was not grounded in tenable legal claims and it also recycled significant portions of a motion counsel filed in a similar matter. Doc. 30 at 16. National Union asks that if the Court does award fees for this motion, it limit the award to $750, reflecting three hours of work. *Id.* In sum, National Union asks that the total award of fees, if granted, not exceed $4,050. *Id.*

757BD argues in reply that National Union has not objected to the reasonableness of counsel's hourly rate, but only the amount of hours claimed. Doc. 32 at 8. As to the hours, 757BD argues that National Union has not complied with the specificity requirements of Local Rule 54.2(f) which states that a memorandum in opposition "shall identify with specificity all disputed issues of material fact and shall separately identify

each and every disputed time entry or expense item." *Id.* (citing LRCiv 54.2(f)). Instead, National Union "has made the conclusory assertion that 53.5 hours of attorney time is excessive for the work described." *Id.* 757BD argues both that National Union's objections fail as a matter of law and that National Union's argument that the fees should be reduced because counsel only "recycled" previous work lacks merit. *Id.* at 9. In particular, 757BD states that there are numerous differences between this litigation and *Bartell*. 757BD identifies three key differences. First, counsel spent substantial time developing the "background" section of the motion to dismiss, which initially included a lengthy discussion of the underlying state litigation that had generated volumes of documents over a period of three years. *Id.* 757BD argues that a detailed understanding of this litigation was necessary to address the numerous coverage issues raised in National Union's denial letter and its complaint. None of this work was aided by counsel's prior work in *Bartell* because the state court litigation and coverage issues in each case were distinct. *Id.* Second, the motion to dismiss addressed an additional pleading defect with regard to diversity jurisdiction not raised in *Bartell* that required further research and investigation before counsel ultimately decided to de-emphasize this argument. *Id.* at 10. Third, counsel spent considerable time updating case law since *Bartell* and analyzing and responding to dozens of cases cited by National Union in its response. *Id.* With respect to the motion for attorneys' fees, 757BD argues that although counsel used the same outline as it had in a prior motion, the substance and exhibits of the memoranda were substantially different. *Id.* at 11. 757BD also states that counsel spent an additional 8.5 hours on its reply brief, analyzing and addressing specific arguments National Union raised in its response. 757BD argues that this was reasonable in light of National Union's claim that its fee request was "baseless." *Id.*

Upon review of Defendants' motion to dismiss and the motion that counsel submitted in *Bartell*, the Court agrees with National Union that many sections of Defendants' motion are taken directly from counsel's earlier work. The Court also agrees with 757BD that the motion supports additional work, as reflected in the background

section (*see* Doc. 14 at 1-3) and the section related to "other pertinent factors" (*see id.* at 6-7), showing that counsel had to expend time becoming familiar with the underlying litigation and the precise coverage issues presented in this case. Additionally, review of counsel's itemized statement of fees shows that counsel billed considerable time for calls and emails to 757BD and Aero Jet, as well as to National Union's counsel, regarding such things as coverage issues, the stipulation for extension, a settlement proposal, and the stipulation on the diversity jurisdiction issue. Counsel also billed for time analyzing documents, including the complaint, Aero Jet's insurance policies, and National Union's denial letter. National Union makes no specific objection to these time expenditures, and the Court does not find them unreasonable. By the Court's calculations, counsel billed approximately 16 hours for tasks directly related to additional case-law research and drafting and revising the motion to dismiss. The Court does not find this to be unreasonable.

The Court also agrees with National Union that significant portions of 757BD's reply brief mirror portions of counsel's earlier work. 757BD is correct, however, that counsel made substantive changes and additions, particularly by incorporating discussions of recent District of Arizona cases, including *Bartell*. By the Court's calculations, counsel billed approximately 25 hours for tasks directly related to additional case-law research and drafting and revising its reply. Given that National Union's opposition motion was 17 pages and cited 67 cases, the Court is not persuaded that the time claimed for additional research is unreasonable. 757BD's motion for attorneys' fees also follows the outline of a prior motion but differs in substantive content and supporting documentation. The Court is not persuaded that the 4.3 hours billed for preparing this motion was excessive. Additionally, the Court finds that it was not unreasonable for counsel to bill an additional 8.5 hours for time spent researching National Union's objections to its motion for attorneys' fees and drafting the reply.

Having considered the record as a whole and the relevant fee award factors, *see Associated Indemnity Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985), the Court finds

the requested fee award under § 12-341.01(A) to be reasonable and appropriate. *See also* LRCiv 54.2(c)(3)(A)-(M) (listing factors bearing on the reasonableness of a fee award); *Hensley v. Eckerhart*, 461 U.S. 424, 429-30 & n.3 (1983). The Court will grant 757BD's motion for a fee award against National Union in the amount of $22,275.

**IT IS ORDERED:**

1. Defendant 757BD's motion for an award of attorneys' fees (Doc. 27) is **granted**.
2. Pursuant to A.R.S. § 12-341.01(A), attorneys' fees in the amount of $**22,275** are awarded in favor of 757BD and against National Union.

Dated this 16th day of February, 2012.

_____
David G. Campbell
United States District Judge